[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: October 18, 2001 Date of Application: October 18, 2001 Date Application Filed: October 26, 2001 Date of Decision: October 22, 2002
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket No. CR97-502754 and CR97-502755.
Robert Famiglietti, Esquire, Defense Counsel, for Petitioner.
Victor Carlucci, Esquire, Assistant State's Attorney, for the State.
Sentence Affirmed
 BY THE DIVISION:
The petitioner was originally sentenced on September 9, 1997 to a suspended sentence of ten years with a five year period of probation. The five years would have expired in September of 2002. During the course of that probationary period he was found to have been in violation of the terms of his probation since he failed to report and failed to notify probation officers of any change of address. During the course of his probation he was convicted of three misdemeanors which was all known by the sentencing judge in 1997. At the time that the sentence of ninety-two months was imposed as a violation of probation term, he had three other pending cases against him. They were subsequently resolved by the imposition of concurrent sentences of three years and one year concurrent with the ninety-two months imposed. Accordingly, the sentence for the violation of probation is not only concerned with his conduct while on probation, but with the underlying offenses for which he was convicted and for which he received the effective sentence often years imprisonment.
CT Page 14010-b
The sentencing court gave the petitioner considerable consideration to which he may have not have been entitled by reducing the original sentence from one hundred and twenty months to ninety two months. The position in the argument taken by the petitioner and his counsel before the Sentence Review Division focuses on the severity of a ten year sentence for violating the terms of a probation without consideration or specific knowledge of the underlying offenses which were committed. Counsel would argue before the Board that the offenses of sale of narcotics to undercover agents at the age of eighteen is neither a violent nor a serious offense. This Board takes issue with that position and finds that the sale of narcotics to the youth of our nation has indeed been a serious offense and have been violent in the impact it has had on the youth of America and must be viewed in that light.
The Panel is of the impression that the sentence that was imposed for the violation of probation took into account his history, the underlying offenses, the convictions while on probation and the pendency of three other criminal matters. It is well within a reasonable sentence to be imposed by the courts of this state. The panel notes that the sentencing judge took no action on the pending matters which were resolved favorably for the petitioner.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
CT Page 14010-c
The Division's is without authority to modify a sentence except in accordance with the provisions of Practice Book § 43-28 and Connecticut General Statutes § 51-194.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate.
Accordingly, it is AFFIRMED.
FORD
MIANO
HOLDEN
Judges Ford, Miano and Holden, participated in this decision.
CT Page 14011